**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANDREW SCHULTZ** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-03229** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **INSIGHT DIRECT USA, INC,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Andrew Schultz ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Insight Direct USA, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA, and under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's interference and retaliation for Plaintiff requesting/utilizing their FMLA rights.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5.      A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.      At all times material to the allegations of this Complaint, Plaintiff resided in DuPage County in the State of Illinois.

8.      At all times material to the allegations in this Complaint, Defendant was a corporation doing business in and for Cook County whose address is 1600 Hunter Road, Hanover Park, Illinois 60133. At all times relevant, plaintiff was employed at this location.

9.      Defendant's headquarters is located at 2701 East Insight Way, Chandler, Arizona 85286.

10.     Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

11.     During the applicable limitations period, Defendant has had at least fifteen

employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

12.     Plaintiff was hired by Defendant as a Service Technician in or around October of 2021.

13.     Plaintiff suffers from acute tendonitis in his right ankle. Plaintiff's disability is a physical impairment that substantially limits major life activities including walking and standing.

14.     Plaintiff is "qualified individual" as defined under the ADA.

15.     Plaintiff is able to perform the essential functions of his job with or without reasonable accommodation. Despite this, Plaintiff's Doctor recommended a "work as tolerable accommodation."

16.     On or around January 5, 2023, the pain from Plaintiff's disability became intolerable. Plaintiff requested FMLA leave as he was unable to work.

17.     Subsequently, Plaintiff found out his claim was denied.

18.     Plaintiff spoke with his Doctor, who informed Plaintiff he should seek an extension. Plaintiff's Doctor was confident that with an extension he would be able to provide more documentation to ensure Plaintiff's FMLA leave would be approved.

19.     Consequently, Plaintiff requested the extension.

20.     On or around March 3, 2023, Plaintiff's FMLA request was denied and Plaintiff was terminated.

21.     Ultimately, Plaintiff was terminated on the basis of Plaintiff's disability and engaging in protected activity as described above. Plaintiff never received the work as tolerable

3

accommodation recommended by his Doctor.

22. The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

<u>**COUNT I**</u>
**Violations of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

23. Plaintiff repeats and re-alleges paragraphs 1-22 as if fully stated herein.

24. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

25. Plaintiff met or exceeded performance expectations.

26. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

27. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

28. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

29. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

30. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

31. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

32.     Plaintiff repeats and re-alleges paragraphs 1-22 as if fully stated herein.

33.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

34.     Plaintiff is a qualified individual with a disability.

35.     Defendant was aware of the disability and the need for accommodations.

36.     Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

37.     Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

38.     Defendant did not accommodate Plaintiff's disability.

39.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

40.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

41.     As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>**COUNT III**</u>
**Violation of Americans with Disabilities Act**
**(Retaliation)**

42.     Plaintiff repeats and re-alleges paragraphs 1-22 as if fully stated herein.

43.     Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

44.     During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations and FMLA leave.

45.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

46.     By virtue of the foregoing, Defendant retaliated against thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

47.     Plaintiff's suffered an adverse employment action, termination, in retaliation for engaging in protected activity.

48.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

49.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>**COUNT IV**</u>
**Violation of the Family And Medical Leave Act**
**(FMLA Interference - Unlawfully Denial of FMLA Rights)**

50.     Plaintiff repeats and re-alleges paragraphs 1-22 as if fully stated herein.

51.     Plaintiff was eligible for FMLA leave.

52.     At all times material, Plaintiff gave proper notice to their employer by informing them of the serious medical condition.

53.     Defendant controlled Plaintiff's work schedule and conditions of employment.

6

54.     Plaintiff provided enough information for their employer to know that Plaintiff's potential leave may be covered by the FMLA.

55.     Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff's utilization of their FMLA rights.

56.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

57.     As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>**COUNT V:**</u>
**Violation of the Family Medical Leave Act**
**(FMLA Retaliation)**

58.     Plaintiff repeats and re-alleges paragraphs 1-22 as if fully stated herein.

59.     Defendant terminated Plaintiff after Plaintiff provide notice of a request for medical leave, which constitutes a request for taking FMLA leave.

60.     Defendant terminated Plaintiff because he requested/took FMLA leave as described above.

61.     Specifically, Plaintiff requested FMLA leave when he explained that he had a condition that was severe.

62.     Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

63.     Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

64.     As a direct and proximate result of the retaliation described above, Plaintiff has

suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a.   Back pay with interest;

b.   Payment of interest on all back pay recoverable;

c.   Front pay;

d.   Loss of benefits;

e.   Compensatory and punitive damages;

f.   Reasonable attorneys' fees and costs;

g.   Award pre-judgment interest if applicable; and

h.   Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 23rd day of May, 2023.

/s/ *Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

8